IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACI BALL, | ) |
| | ) |
| Plaintiff, | ) 1:15-cv-10171 |
| | ) |
| v. | ) |
| | ) |
| FINANCIAL MANAGEMENT SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, STACI BALL, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, FINANCIAL MANAGEMENT SYSTEMS, INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. STACI BALL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Columbia, County of Boone, State of Missouri.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to U.S. Department of Education (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed U.S. Department of Education was for a student loan, the funds from which were used for Plaintiff's educational expenses.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. FINANCIAL MANAGEMENT SYSTEMS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri. Defendant's principal place of business is located in the State of Illinois. Defendant is incorporated in the State of Illinois.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    ALLEGATIONS

14. On or about August 23, 2015, Plaintiff received correspondence from the U.S. Department of Education, dated August 23, 2015, pertaining to the Debt and entitled "Debt Statement".

15. The aforementioned correspondence from the U.S. Department of Education dated, August 23, 2015, stated that the then current principal outstanding on the Debt was $16,833.54.

16. The aforementioned correspondence from the U.S. Department of Education dated, August 23, 2015, stated that the then current accrued interest on the Debt was $1,661.52.

17. The aforementioned correspondence from the U.S. Department of Education dated, August 23, 2015, stated that the then total amount outstanding on the Debt was $18,495.06.

18. Upon receiving the aforementioned correspondence from the U.S. Department of Education, dated August 23, 2015, Plaintiff initiated a call to the U.S. Department of Education to discuss the Debt.

19. Plaintiff spoke with a representative of the U.S. Department of Education, who informed Plaintiff that Defendant was collecting the Debt and that Plaintiff should contact Defendant to make arrangements to pay the Debt.

20. On or about September 1, 2015, Plaintiff initiated a call to Defendant and spoke with one of Defendant's duly authorized representatives.

21. During the course of her telephone call with Defendant, Defendant informed Plaintiff that her wages were subject to garnishment and that Plaintiff needed to submit her financial information for the student loan rehabilitation program.

22. During the course of the aforementioned telephone call between Defendant and Plaintiff, Defendant informed Plaintiff that the balance on the Debt was $23,034.90.

23. In response, Plaintiff inquired why the balance on the Debt was $23,034.90 when she had just received correspondence from the U.S. Department of Education that stated that the total balance on her Debt was $18,495.06.

24. Defendant told Plaintiff that the balance on the Debt was $23,034.90 as the Debt included $4,509.16 in collection fees.

25. The aforementioned representation had the effect of conveying to an unsophisticated consumer that Defendant was entitled to the recovery of collection fees.

26. The aforementioned representation had the effect of conveying to an unsophisticated consumer that Defendant was entitled to the recovery of collection fees in the amount of $4,509.16.

27. The aforementioned representation had the effect of conveying to an unsophisticated consumer that Defendant was entitled to the recovery of collection fees in the amount of $4,509.16 immediately upon the assignment of the Debt to Defendant.

28. Defendant's representations, as delineated above, were false, deceptive and misleading given that, upon information and belief, Defendant is not entitled to recover collection fees.

29. Defendant's representations, as delineated above, were false, deceptive and misleading given that, upon information and belief, Defendant is not entitled to recover collection fees in the amount of $4,509.16.

30. Defendant's representations, as delineated above, were false, deceptive and misleading given that, upon information and belief, Defendant is not entitled to the recovery of

collection fees in the amount of $4,509.16 immediately upon the assignment of the Debt to Defendant.

31. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt.

32. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the amount of the Debt, the name of the creditor to whom the Debt is owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the debt collector.

33. In its attempts to collect the debt allegedly owed by Plaintiff to U.S. Department of Education, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   d. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

34. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. **JURY DEMAND**

35. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STACI BALL, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**STACI BALL**

By:   s/ David M. Marco
       Attorney for Plaintiff

Dated: November 9, 2015

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:   dmarco@smithmarco.com